IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **EUGENE KENNETH BRINSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:11cv387–HEH |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM OPINION
(Denying Brinson's Petition Under 28 U.S.C. § 2241)

Eugene Kenneth Brinson, a federal prisoner proceeding *pro se*, submitted this action, which he styled as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons that follow, the Court will dismiss the petition as a successive, unauthorized motion under 28 U.S.C. § 2255.

I. PROCEDURAL HISTORY

Brinson pleaded guilty to a three-count indictment which charged him with: (1) possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute 500 grams or more of cocaine hydrochloride and 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1); and (3) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). On September 8, 2006, the Court sentenced Brinson to life imprisonment.

Thereafter, Brinson filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. By Memorandum Opinion and Order entered on March 22, 2010, the Court denied Brinson's 28 U.S.C. § 2255 Motion. Brinson appealed. On October 27, 2010, the United States Court of Appeals for the Fourth Circuit refused Brinson a certificate of appealability and dismissed his appeal. *United States v. Brinson*, 399 F. App'x 812, 813 (4th Cir. 2010).

On June 7, 2011, the Court received from Brinson a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In that petition, Brinson contends that he is entitled to relief because, *inter alia*, he was denied the effective assistance of counsel at his plea and sentencing hearings.

## II. ANALYSIS

The primary means of collateral attack on the imposition of a federal conviction and sentence is a motion pursuant to 28 U.S.C. § 2255, which must be filed with the sentencing court. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) restricted the jurisdiction of district courts to hear second or successive applications for federal habeas corpus relief from prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657, 116 S. Ct. 2333, 2337 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed

2

in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[1]

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. *See Swain v. Pressley*, 430 U.S. 372, 381, 97 S. Ct. 1224, 1229–30 (1977). "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*citing Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (internal citations omitted).

The Fourth Circuit has stressed that an inmate may challenge his conviction under § 2241 "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269

---

[1] An inmate may not file a second or successive § 2255 motion unless a panel of the appropriate Court of Appeals certifies that the motion contains

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

3

(4th Cir. 2008) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* (alteration in original) (*quoting In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000)).

Brinson has neither demonstrated that he can satisfy the foregoing test nor has he otherwise demonstrated that he is entitled to challenge his conviction and sentence under 28 U.S.C. § 2241. Although styled as a 28 U.S.C. § 2241, the action is in substance a successive, unauthorized motion under 28 U.S.C. § 2255. Accordingly, the action will be dismissed for lack of jurisdiction.[2]

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Dec. 23, 2011
Richmond, Virginia

---

[2] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Brinson has not satisfied this standard, a certificate of appealability will be denied.